**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KELLY MCSEAN, AARON SEBASTIAN, and DAKOTA PACE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:23-cv-01072-HEA |
| DAN BULLOCK, et al., ) ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. Three pretrial detainees have filed this joint prisoner civil rights lawsuit under 42 U.S.C. § 1983.[1] For the reasons discussed below, this case will proceed by plaintiff Kelly McSean only. The remaining two plaintiffs, Aaron Sebastian and Dakota Pace, will be stricken from this case and separate prisoner civil rights cases opened for both of them.

**The Complaint**

Plaintiffs are incarcerated at the St. Francois County Jail. They bring this § 1983 action against the following defendants: Dan Bullock (Sheriff), Greg Armstrong (Chief of Custody Officer), Randy Camden (Administrator), and Hardy White (Lieutenant). Plaintiffs allege that on January 24, 2023, they were placed in disciplinary segregation without the issuance of a conduct violation, a hearing, or any written explanation. After thirty days of disciplinary segregation, they were then placed in administrative segregation. Again, they allege they received no hearing or written explanation.

---

[1] A fourth pretrial detainee, Shawn Korando, withdrew from this action on September 26, 2023. *See* ECF No. 7.

Plaintiffs allege that defendants' conduct violated their Fifth and Fourteenth Amendment rights. They allege they suffer undue worry, undue stress, mental anguish, sleep deprivation, headaches, high blood pressure, depression, anxiety, loss of social interaction, fear of authority figures, legal problems, and suicidal thoughts. They seek more than $60,000 in compensatory damages.

## Discussion

This Court does not permit prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wilson v. Precythe*, No. 4:23-cv-00890-MTS (E.D. Mo. Jul. 13, 2023), *Georgeoff v. Barnes*, No. 2:09-cv-14-ERW (E.D. Mo. May 18, 2009). There are several reasons for this.

First, the Prison Litigation Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs. Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. §1915. As such, the requirement of § 1915(b)(1) that each prisoner pay the full amount of the filing fee requires individual prisoners to bring separate suits, rather than file jointly under Federal Rule of Civil Procedure 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396, at *2 (D.N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercions, subtle or not, frequently play a role in relations between inmates."

*Id.* (quoting *Swenson v. MacDonald*, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under 28 U.S.C. § 1915(g). That is, so long as one of the prisoners' claims is viable, a strike cannot be imposed, because § 1915(g) requires that an entire action be dismissed to count as a strike. Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. The Court will direct the Clerk of Court to strike plaintiffs Aaron Sebastian and Dakota Pace from this action, and to open a new case for each. Nothing in this Opinion, Memorandum and Order should be construed as precluding plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of their cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** plaintiffs Aaron Sebastian and Dakota Pace from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Court shall open new prisoner civil rights cases for Aaron Sebastian and Dakota Pace.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Memorandum and Order in the new cases opened for Aaron Sebastian and Dakota Pace.

Dated this 1st day of February, 2024.

                                              HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE