UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAKOTA PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00176-MTS |
| | ) | |
| DAN BULLOCK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file following the Court's Memorandum and Order striking Plaintiff Dakota Pace from *McSean v. Bullock* and opening this new matter on Pace's behalf. *See McSean v. Bullock*, 4:23-cv-01072-HEA, 2024 WL 379290, at *2 (E.D. Mo. Feb. 1, 2024) (disallowing pro se prisoners from proceeding jointly in one action). The Complaint transferred to this matter from *McSean v. Bullock* makes allegations that are specific to fellow prisoners Kelly McSean and Aaron Sebastian, who are no longer involved in this action. For this reason, and because the Complaint is not on the Court-provided form, the Court will order Plaintiff Dakota Pace to file an amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A).

The Court warns Plaintiff that the filing of an amended complaint completely replaces the original complaint, which means the Court will not consider anything that Plaintiff fails to allege in the amended complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint

without legal effect."). If Plaintiff does not file an amended complaint on the Court-provided form within forty-five (45) days, the Court will dismiss this action without further notice to Plaintiff.

Finally, Plaintiff has not paid the $405 filing fee and has not filed an application to proceed without prepaying fees or costs. Because Plaintiff is a prisoner, federal law requires him to pay the $405 filing fee in full, "with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam); *accord* 28 U.S.C. § 1915(a)–(b). For that reason, Plaintiff must either pay the filing fee in full or file an application to proceed in the district court without prepaying fees and costs within forty-five (45) days of the date of this Order. If Plaintiff seeks leave to proceed without prepaying the entire fee, then he **must** submit a certified copy of his inmate account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff does not timely comply with this Order, then the Court will dismiss this action without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's "Application to Proceed in District Court without Prepaying Fees or Costs" form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's Prisoner Civil Rights Complaint form no later than **Thursday, March 21, 2024**.

**IT IS FINALLY ORDERED** that Plaintiff must either pay the $405 filing fee or file an application to proceed without prepaying fees and costs no later than **Thursday, March 21, 2024**.

**If Plaintiff fails to timely comply with this Order, then the Court will dismiss this action without further notice.**

Dated this 5th day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE